IN RE DISBARMENT OF ADOLPH A. NEUMEISTER.[1]

April 17, 1930.

No. 27,627.

[1]Reported in 230 N. W. 487.

Oscar G. Haugland, Horace H. Glenn and J. F. Cowern, for state board of law examiners.

Adolph A. Neumeister, pro se.

PER CURIAM.

In this application to discipline Adolph A. Neumeister, an attorney at law, the Honorable Albert H. Enersen, judge of the ninth judicial district, appointed referee to take the testimony and find the facts, finds in substance that respondent was actively engaged in the practice of law from his admission in 1920 until January 1, 1927; that subsequent to last named date and up until September 15, 1927, he had no regular employment; that on September 15, 1927, he entered the employ of a St. Paul corporation where his duties were those of collector, bookkeeper and solicitor of business, and in such employment he handled money belonging to the corporation; that for three years prior to this employment respondent was addicted to the use of liquor; that there were irregularities with respect to the moneys handled by respondent for his employer and he was discharged in the fall of 1928. Shortly thereafter he was arrested on the complaint of the former employer; and, to an information filed by the county attorney charging him with grand larceny in the second degree he pleaded guilty, was sentenced to the state prison for one year, and served his sentence, less the time for good behavior. Since his release he has been in the employment of a bank in the Twin Cities. These findings we adopt. The respondent finds no fault with them.

Properly the referee took and reported matters which might justify suspension rather than disbarment. Respondent practiced his profession honorably until he became a victim of strong drink. This of course is no excuse for his crime. But it is a human weakness to which many otherwise honest men have succumbed and done that which if sober they would never have thought of doing. It may also be noted that respondent's transgression did not occur while he was practicing as an attorney. He has wronged no client.

It appears likely that he has now conquered the desire for liquor, and if that be true he should have an opportunity again to practice his profession and support his family, thereby in a measure relieving and rewarding a wife who has so faithfully and nobly stood by him when in disgrace.

Upon the facts found it is ordered that respondent be suspended from the practice of law in the courts of this state for 18 months from the entry of judgment herein.

Let judgment be entered accordingly.